# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT


## 04-1174 and 04-1175


**CAPTAIN WILLIAM WOOD, ET AL.**

**VERSUS**

**RUTH FONTENOT, MAYOR, CITY OF NEW IBERIA, ET AL.**


**CONSOLIDATED WITH**


**OFFICER KEVIN BOURQUE, ET AL.**

**VERSUS**

**RUTH FONTENOT, MAYOR, CITY OF NEW IBERIA, ET AL.**


************

APPEAL FROM THE

SIXTEENTH JUDICIAL DISTRICT COURT,

PARISH OF IBERIA, NO. 103068-H C/W103179-H

HONORABLE WILLIAM D. HUNTER, JUDGE

************

**JIMMIE C. PETERS**

**JUDGE**

************

Court composed of Billie C. Woodard, Jimmie C. Peters, and Billy H. Ezell, Judges.


**MOTION TO DISMISS APPEALS DENIED**.

**Daniel L. Avant**
**Avant & Falcon**
**P.O. Box 2667**
**Baton Rouge, LA 70821**
**(225) 387-4462**
**Counsel for Captain William Wood &**
**New Iberia Policeman's Association,**
**Officer Kevin Bourque,**
**Officer Brandon Williams and**
**Officer David McAnally**

Charles L. Patin, Jr.
Keane, Miller, Hawthorne, Darmond,
McCowan & Jarman, LLP
P.O. Box 3513
Baton Rouge, LA 70582
(225) 387-0999
Counsel for Ruth Fontenot, Mayor, City of New Iberia,
City of New Iberia and Board of Trustees of City of New Iberia

Louis L. Robein, Jr.
Robein, Urann & Lurye
P.O. Box 6768
Metairie, LA 70009-6768
(504) 885-994
Counsel for Professional Firefighters

Joseph Ferguson
P.O. Box 9804
New Iberia, LA 70562
(337) 365-6789
 and
Henry A. Bernard, Jr. and
Bruce D. Beach
Oats & Hudson
100 East Vermillion St., Ste. 400
Lafayette, LA 70501
(337) 233-2278
Counsel for Iberia Parish Law Enforcement District

**PETERS, Judge.**

These consolidated matters arise from the action of the Board of Trustees of the City of New Iberia, Louisiana (City), in implementing Special Ordinance No. 2004-131-2 (Ordinance). This Ordinance effected a reduction in the size of the City Police and Communications Departments by amending the annual appropriations ordinance to reduce the funds appropriated for the affected departments and appropriating sufficient sums to fund a Cooperative Endeavor Agreement (Agreement) between the City and the Iberia Parish Law Enforcement District (District). The Agreement provided that the District would assume the duties of the City Police Department over the next ten years in exchange for $29,000,000.00 in compensation. The effect of the Ordinance and Agreement is to eliminate all but ten of the eighty-three city police positions.

Captain William Wood of the City Police Department and the New Iberia Policemen's Association, Local 152 (the Wood plaintiffs), filed a petition for injunctive relief against the City, its Mayor, and the Board of Trustees (referred to in the petition as the New Iberia City Council), asserting that the Ordinance is unconstitutional and in direct conflict with the provisions of the Louisiana Constitution. The Woods plaintiffs sought a temporary restraining order enjoining the defendants from applying, implementing or enforcing the Agreement until a hearing on the preliminary injunction could be held.

In a separate action, City Police Officers Kevin Bourque, Brandon Williams and David McAnally (the Bourque plaintiffs) also filed for injunctive relief against the City, the Mayor, the City Board of Trustees, and the District. The Bourque plaintiffs also asserted that the Ordinance is unconstitutional. The trial court consolidated the two matters and held a hearing on the requests for preliminary injunctive relief on July 2, 2004. On July 6, 2004, the trial court issued written reasons for judgment denying the requests for preliminary injunctions, and on July 8, 2004, reduced that judgment to writing. Both plaintiffs timely appealed that judgment.

The matter is now before this court because the defendants have moved to dismiss the plaintiffs' appeals, asserting that they are moot. The defendants maintain that after the trial court rendered its judgment, the Mayor effected a reduction in force or layoff and advised the secretary of the local fire and police civil service board and the Chief of Police of the action by means of a letter. They further assert that,

1

following this action, the Mayor, on behalf of the City, and New Iberia Sheriff Sid Hebert, on behalf of the District, executed the Agreement. Accordingly, the defendants argue that the consolidated appeals are now moot and must be dismissed.

As noted by this court in *Sutton's Steel & Supply, Inc. v. Bellsouth Mobility, Inc.*, 2000-511 (La.App. 3 Cir. 12/13/00), 776 So.2d 589, 592, *writ denied*, 2001-0152 (La. 3/16/01), 787 So.2d 316,

> Appellate courts are courts of record, and we must render judgment based on the record on appeal. La.Code Civ.P. art. 2164; *Willis v. Letulle*, 597 So.2d 456 (La.App. 1 Cir.1992). We may not review evidence that is not in the record, and we may not receive new evidence. *Willis*, 597 So.2d 456.

Thus, the evidence submitted by the defendants in support of their motion to dismiss the plaintiffs' appeals is not properly before this court. Accordingly, the defendants' motion to dismiss these appeals is hereby denied.

**MOTION TO DISMISS APPEALS DENIED.**